[Cite as *State v. Dowdy*, 2015-Ohio-318.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101589**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**SHAUN DOWDY**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-09-520345-B

**BEFORE:** Jones, P.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 29, 2015

**FOR APPELLANT**

Shaun Dowdy
Inmate No. A 581-923
Lorain Correctional Institution
2075 S. Avon-Belden Road
Grafton, Ohio 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brett Hammond
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Shaun Dowdy appeals the trial court's denial of his motion for earned credit. We affirm.

{¶2} In 2013, Dowdy pleaded guilty to aggravated murder with a three-year firearm specification and kidnapping. As part of the negotiated plea agreement with the state of Ohio, Dowdy agreed to a sentence of 33 years to life in prison. The trial court sentenced Dowdy to 20 years to life for aggravated murder, three years for the firearm specification, and ten years for kidnapping, for a combined total sentence of 33 years to life in prison.

{¶3} In 2014, Dowdy sent a letter to the Ohio Bureau of Sentence Computation, in which he requested that he receive earned credit days to reduce the length of his aggravated murder sentence. The Ohio Bureau of Sentence Computation denied his request and explained that defendants convicted of aggravated murder are ineligible to receive earned credit.

{¶4} Dowdy filed a motion in the trial court, arguing that his sentences did not preclude him from receiving earned credit days. The trial court granted his request in part and denied it in part; the trial court granted Dowdy's request as to his kidnapping conviction but denied the request with respect to his aggravated murder conviction and the accompanying three-year gun specification.

{¶5} In denying Dowdy's motion as it related to the aggravated murder charge, the trial court stated that Ohio Admin.Code 5120-2-06(V)(2)(a) and R.C. 2967.193(C) precluded him from receiving any days of earned credit for that conviction.

{¶6} On appeal, in his sole assignment of error, Dowdy contends that the trial court erred when it denied his request for earned credit days for his aggravated murder sentence.

{¶7} R.C. 2929.03 prescribes four possible sentences for aggravated murder, as follows:

(a) Life imprisonment without parole;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment[.]

Dowdy was sentenced under R.C. 2929.03(b) to life imprisonment with parole eligibility after serving 20 years in prison.

{¶8} R.C. 2967.193, the statute governing earned credit, allows some offenders to receive a reduction in their stated prison terms upon the completion of certain designated programs. R.C. 2967.193(C) explains which offenders are not eligible to receive any days of credit based on their offense and/or sentence:

(C) No person confined in a state correctional institution to whom any of the following applies shall be awarded any days of credit under division (A) of this section:

* * *

(2) The person is sentenced to death or is serving a prison term or a term of life imprisonment for aggravated murder, murder, or a conspiracy or attempt to commit, or complicity in committing, aggravated murder or murder.

{¶9} R.C. 2967.193 does not differentiate between the different life sentences allowed under R.C. 2929.03. The statute also prohibits offenders serving a prison term *or* a term of life imprisonment for aggravated murder from earning credit days. Consequently, pursuant to the plain language of R.C. 2967.193, *any* offender serving a term in prison for aggravated murder is precluded from receiving days of earned credit.

{¶10} Dowdy claims that Ohio Admin.Code 5120-2-10(b) permits him to receive earned credit days on his sentence. We disagree. Ohio Admin.Code 5120-2-10(b) provides in relevant part that:

A sentence of life imprisonment imposed pursuant to section 2929.03 of the Ohio Revised Code of the offense of aggravated murder shall be presumed to be a sentence of life imprisonment with parole eligibility after twenty years, subject to diminution under the rules 5120-2-05, 5120-2-06 and 5120-2-07 of the Administrative Code * * *.

{¶11} Dowdy argues that this provision of the administrative code entitles him to relief, but Ohio Admin.Code 5120-2-10(b) expressly states that diminution is limited to the rules of Ohio Admin.Code 5120-2-06. Ohio Admin.Code 5120-2-06(V) provides:

The following prison terms, for crimes committed on or after July 1, 1996 * * * shall not be reduced by any days of earned credit:

(1) A prison term for a felony for which an indefinite term of imprisonment is imposed;

(2) A mandatory prison term * * * for:

(a) Aggravated murder or murder.

{¶12} Thus, Ohio Admin.Code 5120-2-10(b) allows a defendant to receive earned credit days only if Ohio Admin.Code 5120-2-06 also permits the defendant to receive credit days, but Ohio Admin.Code 5120-2-06 prohibits those serving mandatory prison terms for aggravated murder committed after July 1, 1996 from receiving said credit. Consequently, because Dowdy was convicted of aggravated murder that was committed after July 1, 1996, he is subject to Ohio Admin.Code 5120-2-06 and Ohio Admin.Code 5120-2-10(b) does not operate so as to permit him to receive earned credit days on his sentence.

**{¶13}** Dowdy claims that this court's opinion in *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, supports his position that he is entitled to earned credit days because his life sentence included parole eligibility after 20 years in prison. In *Rembert*, the appellant argued that the trial court did not inform him of the maximum penalty he faced during his plea colloquy because the court did not explain to him that his life sentence with parole eligibility after 25 years for aggravated murder could not be reduced for good time or earned credit. This court disagreed, finding no merit to appellant's argument that the maximum penalty advisement portion of the Crim.R. 11 colloquy required a discussion of eligibility for sentence diminution.

**{¶14}** This court noted:

The word "full" is significant in that it determines whether a prisoner's term can be reduced for good behavior or earned credit. When a defendant is sentenced to 25 full years or 30 full years of imprisonment, the prison term cannot be diminished for good behavior or by credit earned.

Before addressing Rembert's claim, a clarification is in order regarding the court's sentence of life imprisonment in this case. The trial court, both at sentencing and in its judgment entry, stated that the defendant was sentenced to life imprisonment with parole eligibility after 30 years, without qualifying it with the word "full." Neither the state or appellant raises the issue on appeal. Therefore, we simply note that pursuant to the aggravated murder sentencing statute, when a defendant is sentenced to life imprisonment with parole eligibility after either 25 or 30 years, the years are necessarily "full" years, because "full" years are the only available punishment authorized by the statute when a defendant is ordered to serve 25 or 30 years before becoming eligible for parole.

*Id.* at ¶ 14-15.

**{¶15}** In *Rembert*, this court did not consider defendants convicted of aggravated murder with parole eligibility after 20 years and whether they are eligible for reduction of sentence based on good time or earned credit.

**{¶16}** Dowdy argues that the legislature was clearly distinguishing between life sentences with parole eligibility after 20 years and life sentences with parole eligibility after 25 and 30 years because the legislature chose to exclude the word "full" from life sentences with parole eligibility after 20 years. Thus, because Dowdy's sentence was life with parole eligibility after 20 years and the trial court here excluded the word "full" from his sentence, his sentence should qualify for earned credit. The legislature, however, has expressly provided in the plain language of R.C. 2967.193 and Ohio Admin.Code 5120-2-06 that defendants such as Dowdy may not reduce their sentences with earned credit. Therefore, the trial court did not err when it denied Dowdy's motion for earned credit days with respect to the aggravated murder conviction.

**{¶17}** The assignment of error is overruled.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR